JS 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Warner Bros. Home Entertainment Inc., <br><br> Plaintiff, <br><br> v. <br><br> Erika Dubin, an individual and d/b/a Amazon.com Seller Dead Technologies, and Does 1-10, inclusive, <br><br> Defendants. | Case No.: CV13-4062 DSF (PJWx) <br><br> **JUDGMENT** |

This cause having come before this Court on the motion of Plaintiff Warner Bros. Home Entertainment Inc. ("Plaintiff") for entry of default judgment and a permanent injunction against Defendant Erika Dubin, an individual and d/b/a as Amazon.com Seller Dead Technologies ("Defendant");

AND, the Court having read and considered the pleadings, declarations and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiff's Motion;

AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the following facts:

Warner Bros. is the owner of exclusive U.S. distribution rights in and to certain creative works, including but not limited to television series *Luck* and *Game of Thrones* ("the Warner Bros. Works"), which are the subject of the following registrations:

| Copyright Registration Number: | Title of Work: | Claimant of Work: |
|---|---|---|
| PA 1-776-116 | LUCK: Pilot | Home Box Office, Inc. ("HBO") |
| PA 1-782-832 | LUCK: Ace Meets with a Potential Investor | HBO |
| PA 1-809-035 | LUCK: Ace Meets with a Talented Whiz Kid | HBO |
| PA 1-780-562 | LUCK: Ace Meets with a Colleague | HBO |
| PA 1-780-567 | LUCK: Ace Forces Escalante to Swap Jockeys | HBO |
| PA 1-780-565 | LUCK: Ace Pitches a Deal | HBO |
| PA 1-780-566 | LUCK: Ace and Claire Tour a Horse Farm | HBO |
| PA 1-782-657 | LUCK: Ace Counters Smythe's Move with His Own | HBO |
| PA 1-786-977 | LUCK: Two Prized Colts Go Head to Head | HBO |
| PA 1-736-232 | GAME OF THRONES: Winter Is Coming | HBO |
| PA 1-736-234 | GAME OF THRONES: The Kingsroad | HBO |
| PA 1-737-694 | GAME OF THRONES: Lord Snow | HBO |
| PA 1-737-699 | GAME OF THRONES: Cripples, Bastards And Broken Things | HBO |
| PA 1-737-696 | GAME OF THRONES: The Wolf And The Lion | HBO |
| PA 1-737-695 | GAME OF THRONES: A Golden Crown | HBO |
| PA 1-750-434 | GAME OF THRONES: You Win Or You Die | HBO |
| PA 1-738-431 | GAME OF THRONES: The Pointy End | HBO |
| PA 1-739-318 | GAME OF THRONES: Baelor | HBO |
| PA 1-740-116 | GAME OF THRONES: Fire And Blood | HBO |

Plaintiff has complied in all respects with the laws governing copyright and secured the exclusive rights and privileges in and to the Warner Bros. Works;

The appearance and other qualities of the Warner Bros. Works are distinctive and original;

Defendant engages in the unauthorized business of importing, distributing, promoting, selling and/or offering for sale unauthorized counterfeit DVDs featuring the Warner Bros. Works ("Pirated Product").

Defendant's importing, advertising, displaying, promoting, marketing, distributing, providing, offering for sale and selling of the Pirated Product was engaged in willfully and intentionally, without leave or license from Plaintiff, in violation of Plaintiff's rights in and to the Warner Bros. Works.

The liability of the Defendant in the above-referenced action for her acts in violation of Plaintiff's rights is knowing and willful, and as such the Court expressly finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein.

Therefore, based on the foregoing facts, and

GOOD CAUSE APPEARING, THE COURT ORDERS that this Judgment shall be and is entered as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367.  Service of process was properly made on the Defendant.

2) Defendant has distributed, sold, and offered for sale counterfeit merchandise which infringes upon the Warner Bros. Works.

3) Defendant and her agents, servants, employees and all persons in active concert and participation with her who receive actual notice of the injunction are restrained and enjoined from:

    a) Infringing the Warner Bros. Works, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any merchandise which features any of the Warner Bros. Works, and, specifically:

i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Pirated Products or any other unauthorized products which picture, reproduce, or copy any of the Warner Bros. Works;

ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Warner Bros. Works;

iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, the Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or the Defendant herself is connected with Plaintiff, is sponsored, approved or licensed by Plaintiff, or is affiliated with Plaintiff;

iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

4) Defendant is ordered to deliver for destruction all Pirated Product, and any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of the Warner Bros. Works and any labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of the Warner Bros. Works or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

5) Defendant is ordered to pay damages to Plaintiff, pursuant to 17 U.S.C. § 504, in the sum of $475,000.

6) Defendant is ordered to pay interest on the principal amount of the judgment to Plaintiff pursuant to 28 U.S.C. § 1961(a).

7) This Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8) The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs mmediate entry of this Judgment against Defendant.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

DATED:   11/19/13

_____
Dale S. Fischer
United States District Judge